## CIRCUIT COURT OF FAIRFAX COUNTY

Darren Ekizian

v.

Microstrategy, Inc., et al.

August 23, 2005

Case No. (Law) 2005-000750

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on the Defendant's Demurrer and Counterclaim on July 28, 2005. At that time, the Court took the matter under advisement. After reviewing the pleadings and considering counsels' arguments, the Court reaches the findings and conclusions stated below.

### Issues

The issues now under review are: (1) a demurrer to the Plaintiff's claims of Malicious Prosecution and Negligence, and (2) whether the Defendant's counterclaim should be barred by the statute of limitations.

### Factual and Procedural Background

Plaintiff Darren Ekizian was hired by the Defendant, Microstrategy, Inc. ("Microstrategy"), on or about January 27, 2005, in Troy, Michigan. He was assigned in early February to a training program at Microstrategy's training facility in Fairfax County, Virginia. During the weekend of February 8 and 9, Ekizian was logged using his access card to enter the building and to gain access to the second floor area. On Monday, February 10th, a ceiling-mounted projector was found to be missing. Mr. Whittington, the Defendant

in the instant case, was the Security Manager for Microstrategy. Whittington called the Fairfax County Police on February 13 to report the loss of the projector and named Ekizian as a suspect, based on his entry card access record. The police performed their own investigation and then obtained a warrant for the arrest of Ekizian. The charge was later nolle prossed by the Commonwealth's Attorney.

On February 4, 2005, Ekizian filed this claim of Malicious Prosecution and Negligence, which was served to the Defendants on March 2, 2005. Ekizian has requested that his false imprisonment and false arrest claims be nonsuited. Plaintiff's Opposition to Defendants Microstrategy and Whittington's Demurrer at 6. The Defendants filed their counterclaim on March 24, 2005.

## Analysis

### Malicious Prosecution Claim

In Virginia, suits for malicious prosecution are not favored and the standard for "maintaining such actions are more stringent than those applying to most other tort claims." *Lee v. Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978). For the plaintiff to prevail in a malicious prosecution action, the plaintiff has the burden of showing that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. *Id., Bill Edwards Oldsmobile, Inc. v. Carey*, 219 Va. 90, 96, 244 S.E.2d 767, 771 (1978); *Commissary Concepts Mgmt. Corp. v. Mziguir*, 267 Va. 586, 589, 591 S.E.2d 915, 917 (2004). And in suits for malicious prosecution, the presence of probable cause is an absolute bar to a claim of malicious prosecution. *Freezer v. Miller*, 163 Va. 180, 202, 176 S.E. 159, 167 (1934). Probable cause is knowledge of facts and circumstances that "excite the belief in a reasonable mind" at the time the action complained of was taken that the person is guilty of the crime for which he is charged. *Bain v. Phillips*, 217 Va. 387, 394, 228 S.E.2d 576, 581 (1976).

Ekizian alleges that Microstrategy did not disclose to the police that other people were in the building on the date in question, and claims that this is information that could potentially exonerate him. The fact that Microstrategy did not disclose this to the police is not dispositive of the malicious prosecution claim. The issue here is whether the evidence gave rise to sufficient probable cause that resulted in the police obtaining a warrant for Ekizian's arrest. *See Carey*, 219 Va. at 97, 244 S.E.2d at 772.

In *Carey*, an employee ordered car parts for use in his personal car through the car dealership where he worked, and through an agreement with his employer these parts were to be paid for through weekly payroll deductions. *Carey*, 219 Va. at 92-93, 244 S.E.2d at 769. For some of the parts, the employee failed to have the charges noted to his account and, when confronted with the outstanding amount, failed to pay the balance due. *Id.* at 95, 244 S.E.2d at 771-72. The employer called the police and told the investigating detective about the outstanding amount for parts and where the employee was likely to be found. *Id.* The employer, however, failed to inform the detective that there was an agreement whereby the employee could charge parts to the company in unlimited amounts and pay for them through payroll deductions. *Id.* The employer presented only part of the story to the detective. The detective subsequently obtained a warrant and arrested the employee for embezzlement. *Id.* at 98, 244 S.E.2d at 772. The Virginia Supreme Court in *Carey* found it reasonable for the employer to believe that the employee did not intend to pay for the parts based on facts and circumstances and, therefore, had probable cause to call the police.

In the instant case, Whittington called the police and gave them information that led to the arrest of an employee. Ekizian accessed the building on the date in question and was the only person who accessed the room with the projector. These facts make it reasonable to conclude that he was at least a suspect. Furthermore, Microstrategy did not swear out a warrant from the Magistrate. Instead, they called and reported their suspicions to the police. It was the police who, in the course of their independent investigation of the incident, found what they deemed sufficient evidence to submit the facts to a magistrate, who determined that sufficient probable cause existed to issue an arrest warrant.

In *Commissary Concepts*, the operators of a pizza restaurant called the police to investigate excess cash missing from a bank deposit. 267 Va. at 588-89, 591 S.E.2d at 917. The restaurant management staff told the police that the bank had informed the restaurant that it had returned excess cash to another manager. The manager in question had placed the excess cash in an envelope and then placed it in the restaurant's safe, but failed to tell anyone. The management staff told the investigating police officer that they "suspected" the manager had "possibly embezzled" the excess cash. The officer who investigated the matter obtained a warrant and arrested the manager. The charges were later dropped when the manager told police where the money was. The manager filed a malicious prosecution claim against the restaurant and received a jury verdict in his favor.

Reversing the trial court's decision, the Virginia Supreme Court found that the circumstances "would excite the belief in a reasonable mind" that the manager had embezzled the missing funds because he "had not deposited the funds in the bank, had taken the funds from the bank, and had not told anyone that the funds were in the restaurant's safe. . . ." *Id.* at 590, 591 S.E.2d at 918. The Supreme Court reiterated the principle that, when the facts and circumstances "excite the belief in a reasonable mind" that the person committed the crime, then the probable cause element is satisfied and a malicious prosecution claim cannot be sustained.

The instant case is similar to Commissary Concepts in several respects. The manager in Commissary Concepts was known to have gone to the bank, was known to have had possession of the money, and the money was subsequently missing. Here, Ekizian used his key card to enter a room where the projector was last seen. Significantly, in Commissary Concepts and the instant case, the facts and circumstances at the time led not only the employers but the police and the magistrate as well to reasonably conclude that the suspects committed the crime.

Allowing a malicious prosecution to proceed on facts similar to this case would discourage citizens from bringing criminal actions for fear of subsequent civil proceedings against them – exactly why malicious prosecution claims are disfavored in Virginia. Microstrategy did exactly what society should expect – they called the police who subsequently performed an independent investigation. Based on this investigation, the investigating officers determined that there was probable cause and took the matter to the Magistrate to obtain a warrant. There is simply no evidence of malice. The Court sustains Microstrategy's demurrer.

### Negligence Claim

"A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000). And a duty arises only when a relationship exists between the parties either by law or contract. *Davis v. Commonwealth*, 230 Va. 201, 205, 335 S.E.2d 375, 378 (1985).

Ekizian alleges that Microstrategy had a duty to present "to the officer the relevant facts, including exculpatory facts, known" and failed to do so and therefore "should" be liable under a negligence theory. Opposition to Defendants Microstrategy and Whittington's Demurrer at 5. In order for a negligence claim to be actionable, there must first be a legal duty owed to Ekizian.

The Court finds that no legal duty was owed to Ekizian. If there was a duty owed to not file a false or misleading report as alleged by Ekizian, Microstrategy owed that duty to the police, not Ekizian. *See, e.g.*, Va. Code Ann. § 18.2-460(D) (making a materially false statement or representation to a law-enforcement officer in the course of an investigation is a Class 1 misdemeanor). Without a duty, there can be no claim for negligence. The Court sustains Microstrategy's Demurrer to the Negligence claim.

### *Microstrategy's Counterclaim*

Under Rule 3:8, a counterclaim must be filed within twenty-one days after service of the Motion for Judgment. Va. Sup. Ct. R. 3:8 (2005). A court may exercise its discretion and grant leave to file outside of the twenty-one day requirement. Va. Sup. Ct. R. 1:9 (2005). This counterclaim was filed outside the twenty-one day limit imposed by Rule 3:8. Microstrategy's Memorandum in Opposition to Counterclaim Defendant's Plea in Bar and Demurrer at 4. While Microstrategy claims that it had an extension agreed to by the parties to file responsive pleadings, Microstrategy did not obtain leave of court to file a late counterclaim, nor was the purported agreement between the parties memorialized in a court order. Microstrategy's Counterclaim is therefore dismissed.

### *Conclusion*

This Court sustains Microstrategy's demurrers on both the Malicious Prosecution and Negligence Claims. The Court also finds that Microstrategy's Counterclaim is time barred and is, therefore, dismissed. Plaintiff Ekizian is granted leave to amend within 21 days. If the Plaintiff files an Amended Motion for Judgment, Defendant Microstrategy is granted leave at that time to file a counterclaim.