Present:  Kinser, C.J., Lemons, Goodwyn, Millette and Mims, JJ., and Russell and Koontz, S.JJ.

MICHAEL A. LEWIS, JR.

                                        OPINION BY
v.  Record No. 100338    SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 21, 2011
BRIAN A. KEI, ET AL.

            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                    James F. D'Alton, Jr., Judge


     In this appeal, we consider whether the circuit court erred when it sustained a demurrer to an amended complaint alleging malicious prosecution, false imprisonment, and defamation against the law enforcement officer who obtained a warrant for the arrest of the plaintiff based upon a citizen's complaint that ultimately proved to be unfounded.

                              BACKGROUND

     Our consideration of the issues presented is guided by the well-established principle of appellate review that "[a] demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof.  We accept as true all facts properly pleaded in the . . . complaint and all reasonable and fair inferences that may be drawn from those facts."  Glazebrook v. Board of Supervisors of Spotsylvania County, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003).  Additionally, when, as here, a circuit court sustains a demurrer to an amended complaint that does not incorporate or refer to any of the allegations that were set forth in a prior complaint, "we will consider only the allegations contained in the amended pleading to which the demurrer was sustained."

<u>Yuzefovsky v. St. John's Wood Apartments</u>, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001).

In an amended complaint filed September 14, 2009 in the Circuit Court of Prince George County, Michael A. Lewis, Jr., a general contractor, alleged that on August 1, 2008 he was working on a project in a residential neighborhood in Prince George County. While Lewis was sitting in the driver's seat of his parked truck talking with a customer on his cellular phone, T.H., a ten-year old child, approached Lewis and asked if Lewis could give him a ride home because he lived a good distance away and it was a hot day. Although Lewis did not know T.H., he agreed to give him a ride home. T.H. got into the cab of the truck while Lewis was still talking on his phone.

Just as T.H. got into the truck, Cedrick Williams, who did not know either Lewis or T.H., came out of his home and approached Lewis' truck. Despite not having overheard the conversation between Lewis and T.H., Williams yelled at the child to get out of the truck and told Lewis that he was calling 911. Once T.H. got out of the truck, Lewis explained the circumstances to Williams and then drove away. Thereafter, Williams called 911 and spoke with emergency dispatch personnel regarding the incident, reporting that he had witnessed an attempt by Lewis to abduct T.H.

At 11:00 p.m. on August 1, 2008, a local television station reported that the Prince George County Police Department was "on the hunt" for a suspect "who tried to kidnap a 10-year-old, had it not been for a neighbor who intervened."

2

Lewis alleged that the television station obtained this information from either Williams or Lieutenant Brian A. Kei of the Prince George County Police Department.

On August 7, 2008, Kei obtained an arrest warrant for Lewis on a charge of abduction of T.H. in violation of Code § 18.2-47. Despite the fact that six days had passed and Kei had T.H.'s name and address, Kei had not interviewed the child, his guardians, Lewis, or Williams. Rather, he relied solely on Williams' statement to the 911 dispatcher in obtaining the arrest warrant. Subsequently, Lewis was arrested on the warrant.

Lewis alleged that on August 8, 2008, Kei published a notice on the County's website which was titled "Arrest made in Prince George Abduction Case." The notice identified Lewis by name, contained a photograph of Lewis, and represented that Lewis had been "arrested in connection with the abduction of a 10 year old Prince George child that occurred last Friday." The notice remained on the website for several months after the charge against Lewis had been expunged.

A local television station re-published the story and photograph of Lewis from the County's website. On August 8, 2008, the Richmond Times-Dispatch published a story entitled, "Crewe man charged in abduction attempt," recounting the facts of the case as reported on the County's website. On August 9, the Petersburg Progress-Index published an article about Lewis' arrest, which stated that the County police arrested "a man they say tried to take a 10-year-old boy." The article quoted

3

Kei as saying, "I think it's a good day since we got this guy in custody and hopefully everyone can rest a little bit easier." The article also quoted Kei as stating, "The more the juvenile declined, the suspect [Lewis] became more angry and began yelling at the juvenile."

Lewis was held for forty-one days in the Riverside Regional Jail. Twice, Lewis was denied bail. Eventually, Lewis' attorney met with the Assistant Commonwealth's Attorney assigned to the case and requested that she speak with T.H. regarding the incident. After the Assistant Commonwealth's Attorney spoke with T.H. and verified Lewis' version of the incident, the charges against Lewis were dismissed by nolle prosequi. Upon Lewis' petition, the Prince George Circuit Court expunged the record of the arrest on October 29, 2008.

In the amended complaint, Lewis sought damages from Williams and Kei for malicious prosecution, false imprisonment, and defamation. Kei, by counsel, filed a demurrer to the amended complaint on September 21, 2009.[1] Kei's principal contention in support of his demurrer was that neither the malicious prosecution nor the false imprisonment claims could be sustained because the allegations of the amended complaint showed that Lewis' arrest was founded upon adequate probable cause. Kei contended that there was no express allegation that

---

[1] Kei also filed an answer and asserted affirmative defenses to the complaint, including a plea of sovereign immunity. Because the circuit court sustained the demurrer and dismissed the complaint as to Kei with prejudice, it did not address the issue of sovereign immunity. Accordingly, we express no opinion on that issue.

4

he had any actual malice toward Lewis in pursuing his arrest. Kei further contended that the claim for defamation could not be sustained because the statements attributed to Kei either were not verbatim quotes attributable to Kei, or if they were, they either were objectively true or statements of opinion. Kei also maintained that any statements made to the magistrate or in the course of the criminal proceedings against Lewis were subject to an absolute privilege afforded to statements made as part of a judicial proceeding. On September 23, 2009, Williams, pro se, filed a pleading adopting the argument of Kei's demurrer by reference.

The circuit court received oral argument from counsel for Lewis and Kei in a hearing held on November 20, 2009. Williams was also present and, as in his pleading, effectively asked the court to adopt any argument on behalf of Kei as also applicable to Williams' demurrer. At the conclusion of the hearing, counsel for Kei provided the court with a draft order sustaining Kei's demurrer as to all three claims, with a blank area for the court to enter its ruling on Williams' demurrer. The court entered this order, sustaining the demurrer as to all claims against Kei and, in a holographic amendment in the blank space, indicated that it was also sustaining Williams' demurrer only as to the claims of false imprisonment and defamation. This appeal followed.[2]

---

[2] In his notice of appeal, Lewis stated that he was appealing "the final Order entered . . . November 20, 2009 sustaining the demurrer filed by defendant, Brian A. Kei," and it is this aspect of the circuit court's judgment that is

5

DISCUSSION

Lewis contends that the circuit court erred because the amended complaint adequately stated all three causes of action. We will address the adequacy of the amended complaint's allegations to support claims for malicious prosecution, false imprisonment, and defamation against Kei in turn.

## A.    Malicious Prosecution

In an action for malicious prosecution, the plaintiff must prove four elements:  that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff.  O'Connor v. Tice, 281 Va. 1, 7, 704 S.E.2d 572, 575 (2011); Baker v. Elmendorf, 271 Va. 474, 476, 628 S.E.2d 358, 359 (2006).  The second and fourth of these elements are not at issue in this appeal.  Actions for malicious prosecution arising from criminal

proceedings are not favored in Virginia and the requirements for maintaining such actions are more stringent that those applied to other tort cases to ensure that criminal prosecutions are brought in appropriate cases without fear of

addressed in Lewis' first assignment of error.  However, Lewis' petition for appeal included a second assignment of error addressing the circuit court's sustaining, in part, Williams' demurrer as well.  During oral argument of this appeal, Lewis' counsel stated that the claim for malicious prosecution against Williams, which remained active following the November 20, 2009 hearing, had been nonsuited and a new action had been filed against Williams limited to that claim.  Moreover, counsel stated that this appeal was limited to "everything as it pertains to Officer Kei."  Accordingly, we hold that Lewis has waived his appeal as to the sustaining of Williams' demurrer to

6

reprisal by civil actions. O'Connor, 281 Va. at 7, 704 S.E.2d at 575; Ayyildiz v. Kidd, 220 Va. 1080, 1082–83, 266 S.E.2d 108, 110–11 (1980).

In his amended complaint, Lewis asserts that Kei's arrest constitutes malicious prosecution because it was instituted without probable cause, despite the fact that a magistrate issued an arrest warrant. Lewis asserts that Kei could not have had a good faith basis to believe that Lewis was guilty of abduction because he relied solely on Williams' complaint, as relayed to Kei by the 911 dispatcher, and he did not conduct any investigation prior to seeking the warrant for Lewis' arrest. Because Kei did not make a full, accurate, and honest disclosure to the magistrate of these facts when obtaining an arrest warrant, Lewis contends that Kei acted maliciously because malice may be inferred from the lack of probable cause. Reilly v. Shepherd, 273 Va. 728, 733, 643 S.E.2d 216, 219 (2007).

The amended complaint contains the express statement that "[t]he prosecution of Lewis was malicious. It was instituted by the defendants without probable cause." However, Lewis' assertion that Kei lacked probable cause to seek a warrant for his arrest is a legal conclusion, not a statement of fact, and " 'a demurrer does not admit the correctness of the pleader's conclusions of law.' " Dodge v. Randolph-Macon Woman's

---

the false imprisonment and defamation claims, and we need not address that issue further.

7

College, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008) (quoting Fox v. Custis, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988)).

We have defined probable cause as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Commissary Concepts Mgmt. Corp. v. Mziguir, 267 Va. 586, 589–90, 594 S.E.2d 915, 917 (2004) (internal quotation marks omitted); see also O'Connor, 281 Va. at 9, 704 S.E.2d at 576. Whether probable cause existed is determined as of the time when the action complained of was taken. Commissary Concepts Mgmt. Corp., 267 Va. at 590, 594 S.E.2d at 917; see also O'Connor, 281 Va. at 9, 704 S.E.2d at 576.

Viewing the allegations of the amended complaint as a whole, we do not find that Lewis alleged facts sufficient to support the legal conclusion that Kei did not have probable case to seek the arrest warrant or that Kei, rather than Williams, was motivated by any personal or generalized animus toward Lewis. The amended complaint clearly states that Kei relied on the statement by Williams, who claimed to be an eyewitness to incident, when obtaining an arrest warrant for Lewis.

Police may rely on the statement of a reported eyewitness as establishing probable cause to seek an arrest. See Reilly 273 Va. at 732–34, 643 S.E.2d at 218–19 (finding that probable cause existed when the arresting officer obtained a warrant

8

based on a positive identification of a suspect by an eyewitness); see also Brice v. Nkaru, 220 F.3d 233, 238–39 (4th Cir. 2000) (citing Gramenos v. Jewel Cos., 797 F.2d 432, 434 (7th Cir. 1986) ("Police often arrest suspects on the basis of oral reports from witnesses.")).  In this case, Kei relied on the report of a 911 dispatcher who stated that Williams witnessed Lewis attempting to kidnap a ten-year old child.  Kei had no reason to believe that the 911 report was false.  While Kei did not perform any further investigation prior to seeking the arrest warrant from the magistrate, this fact alone does not establish that Kei acted in bad faith or with malice toward Lewis.  Accordingly, we hold that the circumstances known to Kei as alleged in the amended complaint were sufficient to "excite the belief in a reasonable mind" that there was probable cause to believe that Lewis had committed the offense of abduction, and, thus, the circuit court did not err in sustaining Kei's demurrer to the claim against him for malicious prosecution.

### B.   False Imprisonment

False imprisonment is the restraint of one's liberty without any sufficient legal excuse. Montgomery Ward & Co. v. Wickline, 188 Va. 485, 489, 50 S.E.2d 387, 388 (1948).  If the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment. DeChene v. Smallwood, 226 Va. 475, 481, 311 S.E.2d 749, 752 (1984).  In Sands & Co. v. Norvell, 126 Va. 384, 399–400, 101 S.E. 569, 574 (1919), we held that if a warrant is "regular and valid," then "no action

for false imprisonment could have been maintained if the prisoner had been taken in due course to the magistrate and there admitted to bail or imprisoned regularly upon due order of commitment from him."

In his complaint, Lewis states that "Kei . . . knew, or with minimal diligence, could have easily discovered that Lewis did not commit any crime on August 1, 2008." However, this allegation is not sufficient to establish a prima facie case of false imprisonment. As we have already indicated, Kei had sufficient, if minimal, probable cause to obtain the warrant, properly issued by the magistrate, under which Lewis was arrested. Thus, we hold that Kei did not falsely imprison Lewis, and the circuit court did not err in sustaining Kei's demurrer with respect to the claim for false imprisonment.

### C. Defamation

In order to assert a claim of defamation, the plaintiff must first show that a defendant has published a false factual statement that concerns and harms the plaintiff or the plaintiff's reputation. Hyland v. Raytheon Tech. Servs. Co., 277 Va. 40, 46, 670 S.E.2d 746, 750 (2009). The plaintiff also must show that the defendant knew that the statement was false, or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based. Id. When a plaintiff asserts that the defendant acted negligently, the plaintiff must further prove that the defamatory statement

10

made apparent a substantial danger to the plaintiff's reputation.  Id.

"Expressions of opinion, however, are constitutionally protected and are not actionable as defamation."  Id. at 47, 670 S.E.2d at 750.  Therefore, in evaluating a demurrer to a claim of defamation, a trial court "must determine as a matter of law whether the allegedly defamatory statements contain provably false factual statements or are merely statements of opinion."  Id.  "When a statement is relative in nature and depends largely on a speaker's viewpoint, that statement is an expression of opinion.  Factual statements made in support of an opinion, however, can form the basis for a defamation action."  Id. at 47, 670 S.E.2d at 751 (internal citations omitted).

"In determining whether a statement is one of fact or opinion, a court may not isolate one portion of the statement at issue from another portion of the statement.  Rather, a court must consider the statement as a whole."  Id. (internal citations omitted).  In other words, in considering whether a plaintiff has adequately pled a cause of action for defamation, the court must evaluate all of the statements attributed to the defendant and determine whether, taken as a whole, a jury could find that defendant knew or should have known that the factual elements of the statements were false and defamatory.

11

In his amended complaint, Lewis alleged that Kei made several false factual statements.  Specifically, Lewis attributes to Kei the statements from the County's website that the child was "approached" by Lewis and that Lewis "ordered the victim into the van;" that a "neighbor" "foiled" Lewis' attempt to "escape with the child;" and that Lewis had been "arrested in connection with the abduction of a 10 year old Prince George child that occurred last Friday."  The amended complaint further alleges that on August 9, 2008, Kei told the Progress-Index "I think it's a good day since we got this guy in custody and hopefully everyone can rest a little bit easier."  Kei further stated, "The more the juvenile declined, the suspect [Lewis] became more angry and began yelling at the juvenile."  The amended complaint also alleges that Kei knew that the statements he made were false, that he acted recklessly in making the statements, that he lacked any good faith basis for the statements, and that Kei knew the statements made on the County website would be re-published by the news organizations.

When considered individually, many of the statements attributed to Kei cannot sustain a claim of defamation because they are objectively true when considered in the light of other allegations within the amended complaint.  For example, it was objectively true, at least at the time Kei was alleged to have made the statements, that Lewis had been arrested in connection with an alleged abduction.[3]  However, other statements

_____

[3] Lewis does not expressly assert that Kei had a duty to see that these statements were removed from the County's

12

attributed to Kei, such as the assertion that Lewis "approached" T.H., are subject to being proven false, and a jury could find that Kei was negligent in making these statements based solely upon Williams' 911 report without conducting any follow-up investigation.

Likewise, we cannot say that the statements attributed to Kei by the Progress-Index are objectively true or matters purely of opinion when considered under the standard applicable to the sustaining or overruling of a demurrer to a claim for defamation. The complaint specifically alleges that Kei had no basis for asserting that Lewis was "angry" or "yelling" at T.H. Likewise, the statement "it's a good day since we got this guy in custody and hopefully everyone can rest a little bit easier," while arguably a statement of opinion, could, in light of the other statements attributed to Kei, be considered an implicit assertion of Lewis' guilt of, or a least a propensity to commit, serious offenses against children.

In addition to proving that Kei knew or should have known that these statements concerning Lewis were false, to be defamatory they also must "concern[] and harm[] [Lewis] or [his] reputation." Hyland, 277 Va. at 46, 670 S.E.2d at 750. The false accusation of the commission of a criminal act generally is sufficient to establish an injury to the plaintiff's reputation. See, e.g., WJLA-TV v. Levin, 264 Va.

website after the charges against Lewis were dismissed and the record expunged. Accordingly, we will not express any opinion

13

140, 153, 564 S.E.2d 383, 390-91 (2002).  Indeed, an action for defamation based upon an accusation of criminal conduct may be maintained even when the plaintiff actually has been charged with the offense, entered a plea of no contest, and is convicted and sentenced for the crime.  Parson v. Carroll, 272 Va. 560, 566, 636 S.E.2d 452, 455 (2006).  Whether, and if so to what extent, a false accusation has injured the plaintiff or his reputation generally is a matter for the jury.  We hold that the allegations of the amended complaint adequately allege an injury to Lewis' reputation arising from Kei's statements.

Given the posture of this appeal, the issue is not whether Lewis will be able to establish to the satisfaction of a jury that these statements defamed him, but whether the circuit court should have afforded him the opportunity to do so.  Because the amended complaint was adequate to state a basis upon which, if proven to the satisfaction of the jury, Lewis could assert a claim for defamation against Kei, we hold that the circuit erred in sustaining Kei's demurrer as to that claim.

CONCLUSION

For these reasons stated, we will affirm the circuit court's judgment sustaining Kei's demurrer to the malicious prosecution and false imprisonment claims.  We will reverse the

on that question.

14

circuit court's judgment sustaining the demurrer to the defamation claim, and remand the case for further proceedings consistent with the views expressed in this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded</u>.

15