COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, O'Brien and Lorish
Argued at Lexington, Virginia


MARTY DEAN GOODMAN, JR.

                                                  MEMORANDUM OPINION* BY
v.         Record No. 0862-24-3                   JUDGE LISA M. LORISH
                                                  MAY 20, 2025

WAL-MART STORES EAST, LP, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

W. Barry Montgomery (KMP Law, on briefs), for appellant.

David R. Berry (Guy M. Harbert, III; Gentry Locke, on brief), for
appellees.


        Marty Dean Goodman, Jr. challenges the Danville Circuit Court's decision to strike the

evidence of his malicious prosecution claim against Wal-Mart Stores East, LP, Wal-Mart Stores,

Inc., ("Wal-Mart"), and Michael Travis Gregory.  The circuit court found that Goodman failed to

prove, as a matter of law, that Gregory and Wal-Mart lacked probable cause to prosecute him for

shoplifting.  On appeal, Goodman argues that the surveillance video evidence on which the

criminal complaint was based did not depict him concealing merchandise or transferring it into

different boxes.  At the very least, he argues, whether the evidence constituted probable cause

was a question for the jury.  Finding no error, we affirm.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

In November 2021, while employed as an asset protection investigator at Wal-Mart, Gregory filed a criminal complaint against Goodman, accusing him of stealing from the Wal-Mart Supercenter in Danville. Gregory alleged that in October of the same year, Goodman "selected a speaker valued at $49.98, removed its contents, placed them in a speaker packaging valued at $19.98 and purchased the item at the lower price." Shortly after Gregory filed the complaint, Goodman was arrested and charged with larceny in violation of Code § 18.2-103.

In November 2022, Goodman went to trial on the larceny charge in the Danville General District Court. Both Goodman and Gregory testified, the Commonwealth played surveillance video evidence, and Goodman argued that he was not the person in the surveillance videos.[1] At the conclusion of trial, Goodman was found not guilty.

In February 2024, Goodman sued Gregory and Wal-Mart for malicious prosecution.[2] Before trial, Goodman moved for an adverse inference jury instruction based on spoliation of evidence. He alleged that Wal-Mart failed to preserve a relevant store surveillance video showing Goodman's conduct in the store on the day in question. Goodman argued that Gregory deliberately waited 30 days to file the criminal complaint because Wal-Mart has a policy of retaining videos for 30 days before automatically deleting them, that Wal-Mart deliberately retained some videos but not others, and that the lost video may have been favorable to him. Goodman requested that the jury be instructed to presume that the deleted video evidence would have been unfavorable to Gregory and

---

[1] Gregory testified that the videos played at the criminal trial were "the exact same thing" as the videos that were later played at the civil trial for Goodman's malicious prosecution claim.

[2] Goodman initially sued Gregory and Wal-Mart for malicious prosecution and defamation, but the defamation claim was dismissed for exceeding the statute of limitations. Goodman later filed an amended complaint alleging only malicious prosecution.

Wal-Mart. Wal-Mart filed a brief in opposition, but the circuit court never issued a ruling on the motion.

At trial, the parties introduced several surveillance videos showing a man with his back turned to the camera handling two speaker boxes, at least one of which is open, moving around the store, putting one box back on a shelf, and checking out with the remaining box. Goodman admitted that he was the person in the videos, that he put two speakers in his shopping cart, and that he put one speaker box on a shelf before checking out with the other. Gregory and Wal-Mart moved to strike the case after Goodman presented his evidence, which the circuit court denied because "the existence of probable cause, at this point, is a defense burden," and the court did not find that they had proved its existence. Then, during the defense's case in chief, Gregory testified that after he observed Goodman leave with the speaker, he went to the sales floor and found that the box Goodman had placed on the shelf contained a speaker of a different brand. Gregory and Wal-Mart then introduced photographs of a speaker box with a speaker inside it that did not match the branding of the box. Gregory testified that the photographs depict the speaker box that Goodman put back on the shelf.

Gregory and Wal-Mart renewed their motion to strike, arguing that Goodman's "conduct on that video is probable cause to believe he's either switching merchandise or at a very minimum, he's concealing merchandise." In response, Goodman first referenced his motion for an adverse inference jury instruction, arguing that Wal-Mart admitted that they had exclusive control of the videos and it would take very little to preserve them and that a video of Goodman taking the speakers off the shelf had not been preserved. Goodman argued that this "goes to credibility." The court disagreed, explaining that "how [the speakers] came to be there is irrelevant" given that Goodman admitted to their being in his possession in the store. Goodman then opposed the motion to strike on the basis that Gregory and Wal-Mart failed to produce sufficient evidence of probable

cause and that the existence of probable cause was a factual question for the jury to decide. Goodman noted that Gregory's credibility was at issue because Gregory gave a "self-serving statement . . . saying here's what this video shows" and that "[t]he jury . . . may have different ideas of what it shows and what it doesn't show."

The circuit court granted the motion to strike, concluding that the facts were not in dispute and that the video evidence constituted probable cause to file a criminal complaint for shoplifting. According to the court, "[n]o reasonable jury could look at [the evidence], understanding anything about videos, understanding anything about how stores function, and not come to the conclusion that's probable cause." The court entered judgment as a matter of law in favor of Gregory and Wal-Mart.

Goodman timely appealed.

## ANALYSIS

"[A] motion to strike at the conclusion of the plaintiff's case-in-chief . . . tests whether his evidence is sufficient to prove it." *Tahboub v. Thiagarajah*, 298 Va. 366, 371 (2020). "A circuit court should only grant a defendant's motion to strike when . . . the evidence is insufficient to prove a cause of action." *Bd. of Supervisors of the Cnty. of Albemarle v. Route 29, LLC*, 301 Va. 134, 150 (2022). "We review a circuit court's decision on a motion to strike in the light most favorable to the non-moving party, and the non-moving party 'must be given the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom.'" *Dill v. Kroger Ltd. P'ship I*, 300 Va. 99, 109 (2021) (quoting *Egan v. Butler*, 290 Va. 62, 73 (2015)). Whether the evidence at trial establishes an element of the statute "as a matter of law," is a legal question we review de novo. *Graydon Manor, LLC v. Bd. of Supervisors*, 79 Va. App. 156, 167 (2023).

To prevail in an action for malicious prosecution, a plaintiff must prove by a preponderance of the evidence that the prosecution was: "(1) malicious, (2) instituted by or with the cooperation of

the defendant(s), (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." *Eubank v. Thomas*, 300 Va. 201, 208 (2021). "Actions for malicious prosecution arising from criminal proceedings are not favored in Virginia and the requirements for maintaining such actions are more stringent than those applied to other tort cases to ensure that criminal prosecutions are brought in appropriate cases without fear of reprisal by civil actions." *Dill*, 300 Va. at 109 (quoting *Lewis v. Kei*, 281 Va. 715, 722-23 (2011)).

Here, Goodman argues that the presence of probable cause is in dispute. "The lack of probable cause is an essential element of the tort of malicious prosecution," *id.* at 110, and the presence of probable cause is "a complete defense to an action for malicious prosecution," *Brodie v. Huck*, 187 Va. 485, 489 (1948). "[P]robable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Eubank*, 300 Va. at 208 (alteration in original) (quoting *O'Connor v. Tice*, 281 Va. 1, 9 (2011)). "The test [of probable cause] is whether the facts and circumstances known, or made known, to the prosecutor are sufficient to justify a prudent and reasonable man in the belief that an accused is guilty of the crime charged." *Id.* at 209 (alteration in original) (quoting *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 684 (1967)). "Only where the facts relating to probable cause are not in dispute in a malicious prosecution action does the issue become a question of law for the court; and when such facts are in dispute, the issue is one of fact to be resolved by the triers of fact." *Id.* (quoting *Lee v. Southland Corp.*, 219 Va. 23, 27 (1978)).

Goodman's claim arises from a criminal prosecution for larceny in violation of Code § 18.2-103, which provides:

> Whoever, without authority, with the intention of converting goods
> or merchandise to his own or another's use without having paid the
> full purchase price thereof, or of defrauding the owner of the value of

the goods or merchandise, (i) *willfully conceals* or takes possession of the goods or merchandise of any store or other mercantile establishment, *or* (ii) alters the price tag or other price marking on such goods or merchandise, *or transfers the goods from one container to another* . . . shall be guilty of . . . larceny. The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise.

(Emphases added). Goodman first argues that the existence of probable cause was a jury question because there was a "conflict in evidence." Goodman relies on inconsistent statements made by Gregory as to why he waited 30 days to file the initial criminal complaint, on Gregory and Wal-Mart's failure to preserve certain surveillance videos, and on the lack of clarity in the videos shown at trial. Based on this evidence, he argues that the jury should have had an opportunity to determine whether there was probable cause to prosecute him for larceny.

We reject Goodman's argument that the facts relating to probable cause are in dispute. Our Supreme Court recently considered a malicious prosecution claim arising from a shoplifting incident. *Dill*, 300 Va. at 111. In *Dill*, a Kroger employee asked police to arrest a woman for shoplifting strawberries based on video footage observed at the store. *Id.* at 104. The woman was charged, but the case was dismissed because she had been misidentified. *Id.* at 105. After the woman filed a malicious prosecution claim against the store, the circuit court granted the store's motion to strike based on insufficient evidence. *Id.* at 108. The Court reversed and remanded, finding that "the person on the video did not resemble [the plaintiff]" and there was "no physical or videotape evidence connecting [the plaintiff] to the thefts." *Id.* at 111. Therefore, "there was a conflict in the evidence concerning probable cause, and the circuit court should have determined that whether probable cause existed was a question for the jury to decide." *Id.*

Here, by contrast, Goodman does not dispute the authenticity of the videos or that he was the person in the videos. Goodman also admitted that he was in possession of the speakers and that

- 6 -

he put one of the speaker boxes back on a shelf before checking out with the other. That Gregory did not preserve a surveillance video and made inconsistent statements about delaying the filing of the criminal complaint is relevant to the presence of malice, but not to the existence of probable cause. *Reilly v. Shepherd*, 273 Va. 728, 733 (2007) ("Malice may be inferred from a lack of probable cause, but a lack of probable cause may not be inferred from malice.").

Goodman next argues that the videos were "not at all clear" as to whether he was switching speakers into different boxes and were therefore insufficient to give rise to probable cause. Because the facts are not in dispute, "the issue of their sufficiency" regarding probable cause is a question of law. *Id.* "We owe deference to the trial court's interpretation of all of the evidence, including video evidence that we are able to observe much as the trial court did." *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022). "As factfinder, a trial court views video and other evidence to determine what it believes happened; we, on appellate review, view video evidence not to determine what we think happened, but for the limited purpose of determining whether any rational factfinder could have viewed it as the trial court did." *Id.*

The videos show Goodman manipulating two speaker boxes with his back turned to the camera, and at least one of the boxes is clearly open. Goodman places unidentifiable objects on a shelf as he handles the boxes. At one point, Goodman appears to drop something from one of the boxes, and he bends down to the floor to pick it up. Goodman then walks to another aisle, puts one of the boxes on a shelf, and places other products in front of it before going to check out. The video unmistakably shows Goodman concealing products and swapping them in boxes; therefore, we affirm the trial court's conclusion that any reasonable juror would find that there was probable cause to prosecute him under Code § 18.2-103.

Finally, Goodman argues that the trial court erred when it denied his motion for an adverse inference jury instruction. Goodman submitted a written motion arguing that Gregory and

Wal-Mart deleted at least one surveillance video "that allegedly recorded Goodman" removing the speakers from their shelves and boxes after they decided to prosecute him and that such conduct warranted a jury instruction that the video evidence "would have been unfavorable" to Wal-Mart and Gregory. Goodman referenced his request for this instruction during his motion to strike but failed to obtain a ruling on it from the trial court. When an appellant fails to obtain a ruling from the trial court, "'there is no ruling for [this Court] to review' on appeal, and his argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)). Goodman does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and we will not invoke them sua sponte. *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022). Therefore, we find that Goodman's assignment of error as to the trial court's denial of his requested jury instruction is waived and we do not reach it.

## CONCLUSION

Finding no error in the circuit court's judgment, we affirm the decision to grant the motion to strike.

*Affirmed*.