Present:   All the Justices

AMERICAN COMMUNICATIONS NETWORK,
INC., ET AL.
                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 012699              September 13, 2002

GLENN WILLIAMS

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Kathleen H. MacKay, Judge

                                I.

     In this appeal of a judgment in favor of a plaintiff in a

defamation action, we consider whether the alleged defamatory

statements constitute opinions or are true and are, therefore,

not actionable.

                                II.

     Plaintiff, Glenn S. K. Williams, filed his amended motion

for judgment against American Communications Network, Inc.,

ACN Energy, Inc., and others.[1]  Pertinent to this appeal, the

plaintiff alleged that American Communications Network and ACN

Energy committed acts of defamation against him by publishing

a statement in a confidential private placement memorandum

that was disseminated to approximately 20 energy companies.

At the conclusion of a trial, the jury returned a verdict in

favor of Williams in the amount of $500,000.  The defendants

argued in the circuit court that the statements contained in

_____

     [1] The circuit court granted the remaining defendants'
motions to strike the plaintiff's evidence and those
defendants are not litigants in this appeal.

the private placement memorandum could not form the basis of a cause of action for defamation because the statements are either true or constitute opinions. The circuit court disagreed with the defendants and entered a judgment confirming the verdict. The defendants appeal.

III.

American Communications Network provides telecommunications and utility services to customers. American Communications Network is the parent company and sole owner of ACN Utilities, Inc. ACN Utilities, Inc. owns ACN Energy, which is engaged in the business of purchasing and selling electric and natural gas energy.

Williams was hired to serve as chief executive officer of ACN Energy. American Communications Network terminated Williams' employment in June 2000. Williams presented evidence at trial that prior to his termination, American Communications Network had experienced acute cash shortages, was on the brink of filing for bankruptcy protection, and had begun liquidation of its energy operations.

Williams, who had extensive experience as a management consultant in the energy industry, testified that he was hired to help American Communications Network compete in the deregulated energy markets. He discussed with the management of American Communications Network, before he was hired, the

fact that "the markets were very competitive" and that because of the rapid deregulation of the energy industry, "business rules had not been developed in [that] industry." Williams also warned American Communications Network's management that there were numerous business risks and uncertainties that the company would encounter as it entered the deregulated energy markets. Two months before he was terminated, American Communications Network's board of directors publicly stated that Williams' job performance was excellent and that his accomplishments were "amazing." Williams testified that he was terminated because American Communications Network did not have sufficient capital to finance its energy operations and not because of any deficiencies caused by him.

After Williams was terminated, American Communications Network retained Allegiance Capital Corporation, an investment banking firm, in an effort to raise over $40,000,000 in new capital. Allegiance Capital's employees drafted a private placement memorandum that American Communications Network and ACN Energy ultimately approved. The confidential private placement memorandum, which was sent to approximately 20 energy companies, contained the following statements that Williams alleged are defamatory:

> "In June 2000, American Communications Network replaced the management team of ACN Energy due to its failure to establish effective

3

operations.  The prior management made two key mistakes:

"1.  It did not have the organizational infrastructure needed to support the 24 markets it was aggressively entering.  The complexity overwhelmed the organization such that basic business processes were not established prior to entering new markets.

"2.  It decided to create, in house, a proprietary billing system rather than initially leveraging off the local distribution company's (LDC) capability of cost-effectively billing on behalf of the Company.  Without the requisite information technology (IT) and commercial organization in place to accommodate 24 different markets (each with its own unique IT and commercial issues), the company delayed sending bills to a significant number of customers."

IV.

The defendants argue that the circuit court erred in entering a judgment confirming the jury verdict because, as a matter of law, the statements contained in the private placement memorandum are not actionable.  The defendants contend that the statements constitute opinions or that Williams has conceded the truth of each statement.[2] Responding, Williams asserts that the defamatory paragraphs contain demonstrably false statements, not pure expressions of opinion, and that the statements are a combination of opinion and false statements of facts that are actionable.

---

[2] Contrary to Williams' assertions in his brief, the defendants raised these contentions in the circuit court.

In Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 101-02 (1985), we stated the following principles that are equally pertinent here:

> "Pure expressions of opinion, not amounting to 'fighting words,' cannot form the basis of an action for defamation.  The First Amendment to the Federal Constitution and article 1, section 12 of the Constitution of Virginia protect the right of the people to teach, preach, write, or speak any such opinion, however ill-founded, without inhibition by actions for libel and slander.  '[E]rror of opinion may be tolerated where reason is left free to combat it.'  Thomas Jefferson's First Inaugural Address (1801).  'However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.'  Gertz v. Robert Welch, Inc., 418 U.S. 323, 339-40 (1974).
>
> "It is for the court, not the jury, to determine as a matter of law whether an allegedly libellous statement is one of fact or one of opinion.  Slawik v. News-Journal, 428 A.2d [15, 17] (Del. 1981); Catalano v. Pechous, [387 N.E.2d 714, 721 (Ill. App. Ct. 1978)]; Rinaldi v. Holt, Rinehart & Winston, Inc., [366 N.E.2d 1299, 1306 (N.Y. 1977)]."

In Williams v. Garraghty, 249 Va. 224, 233, 455 S.E.2d 209, 215 (1995), we also held that pure expressions of opinion cannot form the basis of a defamation action, but we pointed out that

> "[f]actual statements made to support or justify an opinion, however, can form the basis of an action for defamation.  See Swengler v. ITT Corp., 993 F.2d 1063, 1071 (4th Cir. 1993) (construing Virginia law).  It is for a court, not a jury, to determine, as a matter of law, whether an alleged defamatory statement is one of fact or of opinion."

5

Applying these principles to the alleged defamatory paragraphs that are the subject of this appeal, we hold, as a matter of law, that the alleged defamatory statements are not actionable.  The statements contained in the alleged defamatory paragraphs are either true or constitute opinion. The first sentence of the first alleged defamatory paragraph states:  "In June 2000, American Communications Network replaced the management team of ACN Energy due to its failure to establish effective operations."  The plaintiff admitted that the management team was replaced in June 2000.  The plaintiff also admitted at trial that the term "effective operations" includes the timely submission of bills to customers and that when he was the chief executive officer, ACN Energy failed to bill substantial commercial and industrial energy customers.  Additionally, the question whether ACN Energy failed to establish effective operations is a matter of opinion that cannot form the basis of a defamation action.

The next portion of the first alleged defamatory paragraph states:  "The prior management made two key mistakes:  1.  It did not have the organizational infrastructure needed to support the 24 markets it was aggressively entering.  The complexity overwhelmed the organization such that basic business processes were not

6

established prior to entering new markets."  The question whether ACN Energy had the appropriate infrastructure necessary to support its marketing efforts is a matter of opinion.  Additionally, the plaintiff admitted that mistakes were made when he was the chief executive officer.  He admitted that substantial commercial and industrial customers were not billed for energy that they had purchased from ACN Energy.  When Williams testified about the lack of organizational infrastructure, he agreed that ACN Energy needed cash, customer support, information technology specialists, and software.  He also testified that he was responsible for the energy division and that American Communications Network had placed "zero limits" on him.  He stated:  "Our organization was overwhelmed.  It was predominantly due to the lack of cash and lack of support from the parent company."

Williams contends that the statements "basic business processes were not established [by ACN Energy] prior to entering new markets" and ACN Energy "was aggressively entering" 24 markets without adequate organizational infrastructure, are false statements of fact.  We disagree.  These statements must not be considered in isolation as Williams seemingly suggests but, rather, we must consider these statements in relationship to the opinions and facts

contained in the paragraphs at issue, along with Williams'
admissions.  These statements, when considered in that
context, cannot form the basis of a defamation action because
they are either true or constitute opinions.  For example, the
record indicates that the concept of basic business processes
includes sufficient billing procedures, yet Williams admitted
that substantial customers were not billed.  And, as we have
already stated, even though the issue whether ACN Energy had
an adequate organizational structure is a matter of opinion,
Williams admitted that in many respects, that structure was
deficient.

The last alleged defamatory paragraph states that prior
management "decided to create, in house, a proprietary billing
system rather than initially leveraging off the local
distribution company's (LDC) capability of cost-effectively
billing on behalf of the Company.  Without the requisite
information technology (IT) and commercial organization in
place to accommodate 24 different markets (each with its own
unique IT and commercial issues), the company delayed sending
bills to a significant number of customers."  Even though
Williams believed that ACN Energy had leveraged "off the local
distribution company's capability," he acknowledged that each
market had unique information technology and business
processes, and he admitted that ACN Energy delayed sending

8

bills to customers and failed to bill substantial commercial customers.

We recognize that in a proper case, factual statements that support an opinion can form the basis of an action for defamation. However, in the record before us, the plaintiff has admitted the truth of the factual statements that relate to the opinions, and he cannot disavow his admissions. As we stated in Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922):

> "No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified."

Accord Patterson v. Patterson, 257 Va. 558, 563, 515 S.E.2d 113, 116 (1999); Henderson v. Henderson, 255 Va. 122, 126-27, 495 S.E.2d 496, 499 (1998); CSX Transportation, Inc. v. Casale, 250 Va. 359, 364, 463 S.E.2d 445, 448 (1995).

V.

The circuit court erred by entering an order that confirmed the jury verdict because the statements in the alleged defamatory publication are either opinion or have been admitted as true. In view of our holding, we need not consider the litigants' remaining arguments. Accordingly, we

9

will reverse the judgment of the circuit court, and we will enter final judgment in favor of the defendants.

<u>Reversed and final judgment</u>.