PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Millette JJ., and Carrico, S.J.

CYNTHIA HYLAND

v.  Record No. 080157                      OPINION BY
                                           JUSTICE BARBARA MILANO KEENAN
                                           January 16, 2009

RAYTHEON TECHNICAL SERVICES
COMPANY, ET AL.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Arthur B. Vieregg, Jr., Judge

      In this defamation action, we consider whether the circuit

court, upon our remand of the case, erred in granting summary

judgment in favor of the defendants after considering isolated

factual segments of two allegedly defamatory statements.

      In 2003, Cynthia L. Hyland brought several claims against

her former employer, Raytheon Technical Services Company

(Raytheon) and its president, Bryan J. Even.  In the claims

involved in this appeal, Hyland asserted that her supervisor,

Even, made certain defamatory statements concerning Hyland's job

performance.  Raytheon and Even filed grounds of defense

asserting, among other things, that Hyland was not entitled to

damages because the alleged statements were true.

      The case proceeded to a jury trial.  At the trial, the

evidence showed that Hyland worked for Raytheon for about 21

years and eventually became senior vice president and general

manager of a certain division in the company.

In 2000, Hyland's division lost its bid for a large government contract. Despite this loss, Even provided Hyland with a positive job performance evaluation.

In 2002, Hyland's division lost another large government contract bid. After this loss, Even reorganized Raytheon and appointed Hyland as senior vice president and general manager of a larger business unit, which was comprised of Hyland's former division and two additional units.

Raytheon later hired a consulting firm to conduct assessments of the job performance of certain executive-level employees. As part of these assessments, Hyland provided both positive and negative comments about Even's leadership skills. Although the consulting firm had assured Hyland that her comments would be kept confidential, Even later learned about Hyland's critical remarks. At the time of Hyland's next performance evaluation, Even for the first time rendered a negative assessment of Hyland's job performance. Even later terminated Hyland's employment.

During the trial, the circuit court denied the motions to strike raised by Raytheon and Even (collectively, Raytheon) and submitted Hyland's defamation claim to the jury on five allegedly defamatory statements. The jury returned a verdict in favor of Hyland, and the circuit court later entered final judgment

awarding Hyland $1,850,000, which included $350,000 in punitive damages.[1]

In Raytheon's appeal of that judgment (the first appeal), we held that only two of the five statements submitted to the jury were actionable for defamation, and that the remaining three statements were not actionable because they were statements of opinion that could not be proved true or false. Raytheon Tech. Servs. Co. v. Hyland, 273 Va. 292, 641 S.E.2d 84 (2007). We concluded that a new trial was required because the jury instructions permitted a verdict in favor of Hyland on any one of the five statements, and we were unable to determine whether the jury based its award in part or in whole on the non-actionable statements of opinion that it erroneously was permitted to consider. Id. at 306, 641 S.E.2d at 92.

The first statement that we held actionable (the first statement) was:

> Cynthia lead [sic] [Raytheon] in the protest of the FAA's evaluation selection process for the TSSC contract and through a difficult procurement for the TSA, both of which demanded her constant attention. These visible losses created significant gaps in our strategic plans and in her business unit financial performance.

---

[1] The jury also considered and ruled in favor of Hyland on her claims of actual fraud and tortious interference with business expectancy. However, the circuit court later entered an order vacating those verdicts, and none of the parties challenged that ruling in the first appeal.

Id. at 304, 641 S.E.2d at 91. We concluded that this statement was actionable for defamation because it was subject to empirical proof. Id. We explained that although the adjective "significant" may be a matter of opinion, the operative part of the statement addressed Hyland's responsibility for the losses, not the size of the losses. Id. at 305, 641 S.E.2d at 91.

The second statement that we held actionable (the second statement) was:

> Cynthia and her team met their cash goals, but were significantly off plan on all other financial targets including Bookings by 25%, Sales by 11.5%, and profit by 24%.

Id. at 304, 641 S.E.2d at 91. With regard to this statement, we explained that "[w]hether the business unit missed its goals by the stated percentages is a fact that may be proved true or false." Id. We also stated that the word "significantly" in the first phrase is defined by certain percentages and is "not merely the view of the writer." Id. Accordingly, we set aside the jury verdict and remanded the case to the circuit court for a new trial on the claim of defamation limited to consideration of these two statements in their entirety. Id. at 306, 641 S.E.2d at 92.

On remand in the circuit court, Raytheon filed a motion for summary judgment, asserting that the two statements that were the subject of our remand were not defamatory because they were true.

4

Raytheon argued that there was no genuine issue of material fact regarding those statements, because Hyland had acknowledged the truth of the statements before the first trial in her response to Raytheon's request for admission.

Hyland opposed the motion for summary judgment and argued that several portions of the two statements at issue were false and were sufficiently misleading to constitute defamation. She also contended that in remanding the case for a new trial, this Court necessarily had rejected Raytheon's contention that she had admitted the truth of the statements.

The circuit court granted Raytheon's motion for summary judgment. In a letter opinion, which was incorporated by reference in the circuit court's final judgment order, the circuit court held that the two statements were true as a matter of law.

With regard to the first allegedly defamatory statement, the circuit court held that the "first factual component" of that allegedly defamatory statement is "[w]hether Hyland led the protest of the TSS contract award and the TSA procurement and was responsible for 'these visible losses.'" The circuit court concluded that this "first factual component" was true based on Hyland's admission in her response to Raytheon's request for admissions that she "oversaw the efforts of the proposal team's support to the [TSS] protest," and that she was the "Proposal

Manager" in charge of acquiring the TSA contract. The circuit court concluded that "[a]s the senior executive on both projects, she is ultimately responsible for the company's failure to acquire the contracts."

The circuit court then addressed what it referred to as the "second factual connotation" of the first allegedly defamatory statement. The circuit court identified this segment of the statement as being whether "losses from those projects created gaps in the company's plans and the financial performance of business units which she oversaw." The circuit court concluded that Hyland admitted in her responses to Raytheon's request for admission that the loss of the TSS contract "created a financial shortfall," that the TSA contract "would have reduced the financial challenge," and that the loss of the TSA contract "left a gap in sales revenue." Thus, the circuit court held that "the second factual component of the first allegedly defamatory statement is true." The circuit court further held that the question whether this "gap" was "significant" was a matter of opinion as defined by this Court in the first appeal.

The circuit court next identified "the factual component of the second allegedly defamatory statement" as "[w]hether the business unit missed its goals by the stated percentages." The circuit court held that the "factual component of the statement is not whether Ms. Hyland was to blame for all of the division's

6

losses for 2002," but was "whether the division, in fact, incurred losses to the extent Mr. Even indicated." Referring to Hyland's counsel's argument before this Court in the first appeal, the circuit court held that Hyland conceded that Even's characterization of the extent of the losses for 2002 was correct. Thus, the circuit court held that "[t]he second allegedly defamatory statement is true."

Hyland appeals from the circuit court's award of summary judgment in favor of Raytheon. She contends that the circuit court erred by failing to consider each allegedly defamatory statement as a whole. Hyland contends that this error resulted from the circuit court's misinterpretation of our opinion in the first appeal, which resulted in the circuit court removing from consideration any words in the statements that manifested an opinion and any inferences or implications arising from each statement considered as a whole.

In response, Raytheon contends that the circuit court accurately applied our directives regarding the allegedly defamatory statements that we remanded for further proceedings. Raytheon argues that Hyland admitted "the limited factual portions" of the two allegedly defamatory statements and that, therefore, the circuit court properly awarded summary judgment in Raytheon's favor. We disagree with Raytheon's arguments.

Generally, under our common law, a private individual asserting a claim of defamation first must show that a defendant has published a false factual statement that concerns and harms the plaintiff or the plaintiff's reputation. See WJLA-TV v. Levin, 264 Va. 140, 152-54, 564 S.E.2d 383, 390-91 (2002); The Gazette, Inc. v. Harris, 229 Va. 1, 15, 37, 325 S.E.2d 713, 725, 738 (1985). The plaintiff also must show that the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based. WJLA-TV, 264 Va. at 154, 564 S.E.2d at 391; Food Lion, Inc. v. Melton, 250 Va. 144, 150, 458 S.E.2d 580, 584 (1995); The Gazette, 229 Va. at 15, 325 S.E.2d at 724-25. When a plaintiff asserts that the defendant acted negligently, the plaintiff further must prove that the defamatory statement made apparent a substantial danger to the plaintiff's reputation. Union of Needletrades v. Jones, 268 Va. 512, 519, 603 S.E.2d 920, 924 (2004); WJLA-TV, 264 Va. at 154, 564 S.E.2d at 391; The Gazette, 229 Va. at 15, 325 S.E.2d at 724-25.

Defamatory words that cause prejudice to a person in her profession are actionable as defamation per se. Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 132, 575 S.E.2d 858, 861 (2003); Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954). Defamatory statements may include

8

statements made by inference, implication, or insinuation. Union of Needletrades, 268 Va. at 519, 603 S.E.2d at 924; Fuste, 265 Va. at 132, 575 S.E.2d at 861; Perk v. Vector Resources Group, 253 Va. 310, 316, 485 S.E.2d 140, 144 (1997); Carwile, 196 Va. at 7, 82 S.E.2d at 592.

Expressions of opinion, however, are constitutionally protected and are not actionable as defamation. Raytheon Tech. Servs., 273 Va. at 303, 641 S.E.2d at 90; Williams v. Garraghty, 249 Va. 224, 233, 455 S.E.2d 209, 215 (1995). Therefore, before submitting a defamation claim to a jury, a trial judge must determine as a matter of law whether the allegedly defamatory statements contain provably false factual statements or are merely statements of opinion. See Government Micro Res., Inc. v. Jackson, 271 Va. 29, 40, 624 S.E.2d 63, 69 (2006); Tronfeld v. Nationwide Mutual Ins. Co., 272 Va. 709, 714, 636 S.E.2d 447, 450 (2006); Fuste, 265 Va. at 132-33, 575 S.E.2d at 861-62; American Communications Network, Inc. v. Williams, 264 Va. 336, 340, 568 S.E.2d 683, 686 (2002).

When a statement is relative in nature and depends largely on a speaker's viewpoint, that statement is an expression of opinion. Raytheon Tech. Servs., 273 Va. at 303, 641 S.E.2d at 90; Tronfeld, 272 Va. at 714, 636 S.E.2d at 450; Fuste, 265 Va. at 132, 575 S.E.2d at 861; Chaves v. Johnson, 230 Va. 112, 119, 335 S.E.2d 97, 101 (1985). Factual statements made in support of

9

an opinion, however, can form the basis for a defamation action. Raytheon Tech. Servs., 273 Va. at 303, 641 S.E.2d at 90; WJLA-TV, 264 Va. at 156, 564 S.E.2d at 393; American Communications Network, 264 Va. at 340, 568 S.E.2d at 686; Williams, 249 Va. at 233, 455 S.E.2d at 215.

In determining whether a statement is one of fact or opinion, a court may not isolate one portion of the statement at issue from another portion of the statement. Raytheon Tech. Servs., 273 Va. at 303, 641 S.E.2d at 91; Government Micro Res., 271 Va. at 40, 624 S.E.2d at 69; American Communications Network, 264 Va. at 341-42, 568 S.E.2d at 686. Rather, a court must consider the statement as a whole. Government Micro Res., 271 Va. at 40, 624 S.E.2d at 69.

The requirement that an allegedly defamatory statement be considered as a whole also is vital to a determination of the truth or falsity of a defamation claim, because defamatory statements may be made by implication, inference, or insinuation. See Union of Needletrades, 268 Va. at 519, 603 S.E.2d at 924; Fuste, 265 Va. at 132, 575 S.E.2d at 861; Perk, 253 Va. at 316, 485 S.E.2d at 144; Carwile, 196 Va. at 7, 82 S.E.2d at 592. Thus, the factual portions of an allegedly defamatory statement may not be evaluated for truth or falsity in isolation, but must be considered in view of any accompanying opinion and other stated facts. See Raytheon Tech.

10

Servs., 273 Va. at 303, 641 S.E.2d at 91; WJLA-TV, 264 Va. at 156, 564 S.E.2d at 393; American Communications Network, 264 Va. at 340, 568 S.E.2d at 686; Williams, 249 Va. at 233, 455 S.E.2d at 215.

The circuit court improperly limited its analysis to the separate factual portions of the alleged defamatory statements and excluded the necessary consideration of each statement as a whole, including any implications, inferences, or insinuations that reasonably could be drawn from each statement. In addition, when considering the truth or falsity of the allegedly defamatory statements, the circuit court improperly removed from the statements those portions imparting an opinion.

Unlike the determination whether an allegedly defamatory statement is one of fact or opinion, which presents a legal question to be decided by a trial judge, the determination whether an allegedly defamatory statement is false ordinarily presents a factual question to be resolved by a jury. Thus, once a trial judge has determined that an allegedly defamatory statement is capable of being proved false, the jury's function is to evaluate the evidence presented and to determine whether the plaintiff has met her burden of proving that the allegedly defamatory statement is false. Only if a plaintiff unequivocally has admitted the truth of an allegedly defamatory

11

statement, including the fair inferences, implications, and insinuations that can be drawn from that statement, may the trial judge award summary judgment to the defendant on the basis that the statement is true.  See Shutler v. Augusta Health Care For Women, 272 Va. 87, 91, 630 S.E.2d 313, 315 (2006) (summary judgment available only when no material facts are in dispute); Stockbridge v. Gemini Air Cargo, Inc., 269 Va. 609, 618, 611 S.E.2d 600, 604 (2005) (same).

In the present case, however, Hyland did not admit the truth of the two allegedly defamatory statements.  As we observed in our opinion in the first appeal in this case, the stated and implied import of the first statement in Hyland's job performance evaluation is that Hyland was responsible for the losses of the two contract bids, and that those losses created gaps in the company's plans and in the business units that she directed.  Raytheon Tech. Servs., 273 Va. at 304-05, 641 S.E.2d at 91.  Hyland did not concede in her responses to Raytheon's request for admission that this was true.  She also did not concede in those responses that she failed to meet her team's financial targets by the percentages stated in the second allegedly defamatory statement.

By awarding summary judgment to Raytheon in the absence of such admissions, the circuit court deprived Hyland of the opportunity to present evidence to a jury to establish the

12

falsity of the allegedly defamatory statements. The circuit court's judgment also denied Hyland the right to have a jury consider each allegedly defamatory statement as a whole. Therefore, we hold that the circuit court erred in awarding Raytheon summary judgment, and that Hyland is entitled to a jury trial on the two allegedly defamatory statements discussed in this opinion.[2]

For these reasons, we will reverse the circuit court's judgment and remand the case for a jury trial consistent with the principles expressed in this opinion.

<u>Reversed and remanded.</u>

---

[2] Based on this holding, we do not address Hyland's remaining assignments of error.