# CIRCUIT COURT OF AMHERST COUNTY

Brittany Cundiff

v.

CVS Caremark Corp.
and Mitch Fletcher

January 16, 2013

Case No. CL12008448-00

By Judge J. Michael Gamble

I am writing to rule on the demurrer of the defendants in this case. In this regard, the amended complaint in this case alleges that the defendants are liable to the plaintiff for false imprisonment and defamation. The defendants have filed a demurrer to the amended complaint.

The complaint alleges that the plaintiff was a supervisor at the CVS store in Amherst. On January 11, 2012, she was called into the store office by Mitch Fletcher, a Regional Loss Prevention Officer, and Dave Kozera, a District Manager. The door to the office was closed, and the plaintiff was told to sit in a chair near the door. Fletcher then began to question the plaintiff about how much money she had caused CVS to lose. Eventually Fletcher asked her what she had personally caused the store to lose. The plaintiff responded "[A]bout $200.00." At that point the plaintiff realized that Fletcher was accusing her of stealing. It is alleged in paragraph 24 of the complaint that Fletcher questioned the plaintiff for over an hour and stated repeatedly that if the plaintiff answered his questions and signed a statement, Fletcher and Kozera could not call the police on her. The plaintiff, among other things, admitted that she had used a coupon for an item not authorized for discount by the coupon, that she had returned items for full price that had been purchased at a discount, and that she had used someone else's Extracare card to get "ExtraBucks." Further, the plaintiff said that she authorized her own refund on a discounted item when she returned some diapers. In paragraph 32, it is alleged that the plaintiff provided written responses to Fletcher's questions. It is also alleged that Fletcher told her, if she did not write down an amount that she had lost CVS, "CVS would be

forced to get an attorney and have plaintiff arrested." The plaintiff further alleges that, after this threat, she wrote that she had caused CVS a loss of $300.00.

In the amended complaint, the plaintiff alleged that she did not feel free to leave the office where she was being questioned. She alleges that she believed ,that if she left the office, the police would have been called to arrest her. The next day, Kozera called the plaintiff and told her that she was terminated from employment.

A few weeks after she was terminated, the plaintiff inquired about employment at Fairmont Crossing, a nursing home in Amherst. Two of the employees in the kitchen at Fairmont Crossing asked plaintiff's mother-in-law if plaintiff had been fired from CVS. They further said that they had heard that plaintiff was stealing coupons and using them to buy formula for the baby. The complaint does not allege who told the Fairmont employees about the alleged theft of the coupons. In March 2012, a friend of the plaintiff was told by another person that she had been to the Amherst CVS and overheard employees discussing the plaintiff's termination. It was overheard that the employees said the plaintiff had been fired for purchasing items with coupons and her CVS discount and then returning them for full price refund the next day.

A demurrer tests the legal sufficiency of the pleadings. The demurrer admits the truth of all material facts properly pleaded and any facts that may be fairly inferred from the allegations. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397-402, 410 S.E.2d 652 (1991). Also, the actual written statement given by the plaintiff while she was in the office was produced pursuant to a motion craving oyer. This statement is attached as Exhibit A to the memorandum in support of the demurrer of the defendants. This statement may be considered along with the complaint when ruling on the demurrer. *Ward's Equip., Inc. v. New Holland North America*, 254 Va. 379, 382-83, 493 S.E.2d 516 (1997).

False imprisonment is restraint of a person's liberty without sufficient cause. It is not essential that a person be confined in jail or placed in the custody of an officer. *Zayre of Virginia, Inc. v. Gowdy*, 207 Va. 47, 50, 147 S.E.2d 710 (1966). False imprisonment consists of imposing restraint on a person's freedom of movement by use of fear or force. *Jordan v. Shands*, 255 Va. 492, 497, 500 S.E.2d 215 (1998); *W. T. Grant Co. v. Owens*, 149 Va. 906, 921-22, 141 S.E. 860 (1928).

In the instant case, there are sufficient allegations to allege false imprisonment. The plaintiff was sitting in the store office with a Loss Prevention Manager and a Regional Manager. The door was closed. It is alleged that Fletcher repeatedly told her in the office that, if she voluntarily answered his questions and signed the statement, the police would not be called on her. (Paragraph 24.) It is also alleged she was told that, if she did not write an amount of money that she had caused CVS to lose, CVS

would be forced to get an attorney and have her arrested. (Paragraph 32.) These two statements are sufficient to allege a cause of action for false imprisonment on the basis of fear. In *Owens, supra,* a sales clerk under suspicion for stealing money was detained in a room and threatened with jail and not being allowed to go home to give her child supper unless she wrote a letter admitting her culpability. The Supreme Court held that this was sufficient threat to constitute false imprisonment. The facts in *Owens* are not dissimilar to the facts in the instant case. Accordingly, the demurrer to the claim of false imprisonment is overruled.

The defamation alleged by the plaintiff is based on two occurrences. The first occurrence was when two employees (unnamed) of Fairmont Crossing stated that they heard that the plaintiff was fired for stealing coupons and using them to buy baby formula. The second occurrence was when a person overheard CVS employees in the Amherst CVS store state that she had been fired for purchasing items with coupons and her CVS discount and returning them for full price refund the next day.

The demurrer to the statements at Fairmont Crossing can be sustained with little discussion. There is no allegation identifying who made these statements at Fairmont Crossing, and there is no allegation that any CVS employees made these statements. Accordingly, there cannot be imputed to CVS that any of its employees made these statements. The Supreme Court of Virginia has held that a demurrer will be sustained when the pleading it challenges is not sufficiently definite to enable the court to find the existence of a legal basis for its judgment. *Mark Five Constr., Inc. v. Castle Contractors,* 274 Va. 283, 287-88, 645 S.E.2d 475 (2007). Accordingly, because these statements cannot be attributed to any of the defendants, the demurrer is sustained as to this statement.

The second statement was allegedly made by CVS store employees. The employees are not named. Nonetheless, the essence of defamation is the publication of a false factual statement that concerns and harms the plaintiff or the reputation of the plaintiff. *Lewis v. Kei,* 281 Va. 715, 725, 708 S.E.2d 884 (2011). Also, a plaintiff must show that the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief. *Hyland v. Raytheon Tech. Servs. Co.,* 277 Va. 40, 46, 670 S.E.2d 746 (2009). In paragraph 26 of the complaint, the plaintiff admitted that she had returned items for full price that had been purchased at a discount, that she had occasionally authorized her own refunds, that she had used a coupon for an item not authorized for discount by the coupon, and that she had used another person's CVS ExtraCare card. Further, in paragraph 27, she stated that she authorized a full refund for items that she had purchased at a discount on three occasions. Accordingly, assuming that CVS employees were heard to say that the plaintiff had been fired for purchasing items with discounts or coupons and returning them for full price the next day, these statements were true according to the

admissions in the complaint. Further, these statements are corroborated by the written statement of the plaintiff that was attached as Exhibit A to the memorandum in support of the demurrer filed by the defendants. Likewise, based upon the allegations of the plaintiff and the statements in the written statement, it cannot be concluded that CVS knew these statements were false. Accordingly, the demurrer must also be sustained as to the alleged statements of the CVS employees. Count II is dismissed.

In accordance with this opinion, I direct that counsel for the defendants prepare an order overruling the demurrer to the claim for false imprisonment and sustaining the demurrer to the count for defamation. Further, the order should state that the defamation count is dismissed.