COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Senior Judge Humphreys
Argued at Lexington, Virginia

UNPUBLISHED

SEAN WESLEY BOYER

MEMORANDUM OPINION[*] BY
v.     Record No. 1634-24-3     JUDGE MARY BENNETT MALVEAUX
SEPTEMBER 23, 2025

SMITH AND NEPHEW, INC., ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Leisa K. Ciaffone, Judge

Thomas E. Strelka (Virginia Employment Law, on brief), for
appellant.

Yvette V. Gatling (Tiffany din Fagel Tse; Littler Mendelson, P.C., on
brief), for appellees.


Sean Boyer sued his former employer, Smith & Nephew, Inc., and his former supervisor,

Todd Douglas Vischer (collectively, "appellees"), for defamation and defamation per se, related

to three statements Vischer allegedly made. The circuit court sustained appellees' demurrer as to

two of the statements on the grounds that they were nonactionable statements of opinion. On

appeal, Boyer challenges this ruling. For the following reasons, we affirm the circuit court's

judgment.

BACKGROUND

"Because this appeal arises from the grant of a demurrer, we accept as true all factual

allegations expressly pleaded in the complaint and interpret those allegations in the light most

favorable to the plaintiff." *A.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 613 (2019)

(quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Smith & Nephew sells medical instruments, implants, and equipment to hospitals and physicians. Boyer worked as a sales manager in Smith & Nephew's "Old Dominion District." Vischer supervised Boyer, who in turn supervised nine sales representatives. "A majority of the sales representatives" resigned after Boyer was hired. Boyer attributed the attrition to a shortage of goods and lack of support from senior management. But Vischer reported to David O'Neil, Smith & Nephew's Senior Vice President of Sales, that Boyer's poor leadership and supervision had caused a $4 million decline in sales. In fact, sales had increased, but O'Neil did not independently validate Vischer's claim. Soon after Vischer spoke to O'Neil, Smith & Nephew terminated Boyer's employment, citing poor work performance. The termination has negatively affected Boyer's ability to obtain new employment.

Boyer sued appellees for defamation and defamation per se. Boyer attributed three statements to Vischer: "Mr. Boyer was a poor leader because he caused sales representatives to resign"; "Mr. Boyer did not effectively manage logistics for the Old Dominion District"; and "Mr. Boyer caused a fifty (50) percent decline in sales in the Old Dominion District." With respect to defamation, Boyer alleged that these statements were objectively false, and/or Vischer made them with reckless disregard for their truth, and also that O'Neil had relied on those false statements in terminating Boyer. Boyer also sued for defamation per se based on the same three statements, claiming that they had negatively affected his professional reputation. Appellees demurred, arguing that Boyer had not pleaded that the allegedly false statements were published; the statements were protected by the doctrine of intracorporate immunity; and the statements were not actionable in defamation. The circuit court sustained the demurrers but granted Boyer leave to amend.

Boyer filed an amended complaint, adding several allegations: that Vischer had knowingly and maliciously made the three false statements to escape blame for his own poor performance, that Smith & Nephew failed to investigate Vischer's statements, despite having a strong reason to

believe that the claims were false, and that the decision to terminate Boyer stemmed from a reckless disregard for the truth. Appellees demurred again for the same reasons.

The circuit court ruled that the intracorporate immunity doctrine did not privilege the three statements. With respect to the two statements about Boyer's leadership and logistics management, the circuit court held that these were nonactionable because they were "clearly statements of Mr. Vischer's opinion." But the circuit court overruled the demurrer as to the third statement, that Boyer "caused a fifty (50) percent decline in sales."

After a two-day trial, a jury found that Boyer did not prove that Vischer had made the "decline in sales" statement. The circuit court entered judgment for appellees, and dismissed Boyer's claims with prejudice.

This appeal followed.

ANALYSIS

Boyer argues that the circuit court erred in sustaining in part the demurrer on the grounds that the two statements criticizing his leadership were statements of opinion.

We review a circuit court's decision to sustain a demurrer de novo. *Givago Growth, LLC v. Itech AG, LLC*, 300 Va. 260, 264 (2021). "A demurrer tests the legal sufficiency of the facts alleged in a complaint assuming that all facts alleged therein and all inferences fairly drawn from those facts are true." *Id.* We "interpret those allegations in the light most favorable to the plaintiff." *Taylor v. Aids-Hilfe Koln, e.V.*, 301 Va. 352, 357 (2022) (quoting *Coward*, 295 Va. at 358).

"The elements of defamation are '(1) publication of (2) an actionable statement with (3) the requisite intent.'" *Tharpe v. Saunders*, 285 Va. 476, 480 (2013) (quoting *Jordan v. Kollman*, 269 Va. 569, 575 (2005)). "Whether an alleged defamatory statement is actionable is a question of law to be reviewed de novo." *Nestler v. Scarabelli*, 77 Va. App. 440, 452-53 (2023).

False and defamatory statements that "prejudice [a] person in his or her profession or trade" or "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment," are actionable as defamation per se and do not require proof of special damages. *Fleming v. Moore*, 221 Va. 884, 889 (1981) (quoting *Shupe v. Rose's Stores, Inc.*, 213 Va. 374, 376 (1972)). Such statements "must contain an imputation that is 'necessarily hurtful' in its effect upon plaintiff's business and must affect him in his particular trade or occupation." *Id.* at 889-90 (quoting *James v. Haymes*, 160 Va. 253, 261-62 (1933)). "In evaluating whether language is actionable, we take all inferences in favor of the plaintiff, but such inferences cannot rise above the language of the . . . statements themselves." *Schaecher v. Bouffault*, 290 Va. 83, 93 (2015). "For a statement to be actionable, it must 'have a provably false factual connotation and thus [be] capable of being proven true or false.'" *Id.* at 98 (alteration in original) (quoting *Cashion v. Smith*, 286 Va. 327, 336 (2013)). Statements "of opinion, however, are constitutionally protected and are not actionable as defamation." *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 47 (2009). "Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion." *Gov't Micro Res., Inc. v. Jackson*, 271 Va. 29, 40 (2006) (quoting *Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 132 (2003)).

"In determining whether a statement is one of fact or opinion, a court may not isolate one portion of the statement at issue from another portion of the statement. Rather, a court must consider the statement as a whole." *Hyland*, 277 Va. at 47 (citations omitted). "[T]he factual portions of an allegedly defamatory statement may not be evaluated for truth or falsity in isolation, but must be considered in view of any accompanying opinion and other stated facts." *Id.* at 48. "Factual statements made in support of an opinion . . . can form the basis for a defamation action." *Id.* at 47. But "opinions fully disclosing their factual bases constitute a subjective view and are not

actionable." *Padula-Wilson v. Landry*, 298 Va. 565, 581 (2020) (quoting *Biospherics, Inc. v. Forbes*, 151 F.3d 180, 184-85 (4th Cir. 1998)).

We address each of the statements at issue in turn.

## I. Boyer's Leadership Attributes

Boyer argues that the statement, "Boyer was a poor leader because he caused sales representatives to resign" was actionable because it was "a statement of cause and effect" rather than one of opinion. We disagree.

Though the statement here is a two-part one, we consider it as a whole to determine whether it is one of fact or opinion. *Hyland*, 277 Va. at 47. The first part of the statement alleging Boyer was a poor leader is facially a matter of opinion, as it is "relative in nature and depend[s] largely upon the speaker's viewpoint." *Gov't Micro*, 271 Va. at 40. But the latter part reveals a factual justification for that opinion, i.e., the resignation of sales representatives. Combined, the negative character trait cited as the reason for the resignations is "a matter of opinion which is not subject to proof." *Raytheon Tech Servs. Co. v. Hyland*, 273 Va. 292, 305 (2007). As such, the statement, viewed in its entirety, presents a nonactionable, subjective view and the circuit court correctly ruled that it was not an actionable statement.[1] And because we hold that the statement was not actionable, we need not decide whether the other elements of defamation and defamation per se were present. *See Thomas v. Commonwealth*, 303 Va. 188, 198 (2024) ("The doctrine of judicial restraint dictates that generally we decide cases 'on the best and narrowest grounds available.'" (quoting *McGhee v.*

---

[1] In *Gov't Micro*, our Supreme Court held that a supervisor's statement that an employee's mismanagement caused the company to lose money was actionable because "[w]hether a company's financial loss is the result of mismanagement is a fact that can be proven." 271 Va. at 40. An analogous statement here would have been that Boyer's poor leadership caused sales representatives to resign. But the alleged statement here asserts an opinion—"Boyer was a poor leader"—followed by an explanation for that opinion—"*because* he caused sales representatives to resign." (Emphasis added). Viewed as a whole, this entire statement is not provably true or false, and therefore it is not actionable.

*Commonwealth*, 280 Va. 620, 626 n.4 (2010))). Accordingly, the circuit court did not err in sustaining appellees' demurrer as to this statement.

## II. Boyer's Leadership in Logistics and Management

Boyer claims that the circuit court erred by holding that the statement, "Boyer's poor leadership, both in the logistics of procuring and providing [Smith & Nephew] equipment to sales representatives and the management of sales representatives, were causes of [Smith & Nephew's] declining sales in the Old Dominion District" was not actionable. But the circuit court never made such a ruling, because this precise statement never appeared in either Boyer's original or amended complaint.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). An appellant who fails to obtain a ruling from the trial court on the issue presented on appeal has been "denied nothing by the trial court" and consequently, "there is no ruling for us to review." *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993).

Here, the second statement upon which the circuit court sustained appellees' demurrer was: "Mr. Boyer did not effectively manage logistics for the Old Dominion District." This is not the statement with respect to which Boyer assigns error in his brief before this Court. He thus assigns error to a ruling on a statement that the circuit court did not make, so "there is no ruling for [this Court] to review." *Fisher*, 16 Va. App. at 454. Thus, Boyer's argument with respect to

- 6 -

the second statement is waived under Rule 5A:18.  *See Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (applying Rule 5A:18 to hold that the appellant waived his argument by failing to obtain a trial court ruling on it).

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*